IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JANET GODINEZ, on behalf of herself and as administrator of the estate of her brother, HERIBERTO GODINEZ, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 16 CV 7344 |
| The CITY OF CHICAGO, Illinois, a municipal Corporation, and Chicago Police Officers KEITH M. LINDSKOG (#11533), JAMES A. MCANDREW (#8373), RODRIGO J. CORONA (#7852), MANUEL ARROYO (#5780), GERALD J. NOWAKOWSKI (#3536) YASIR RAMOS (#17803), TODD A. JOHNSON (#14836), BRIAN A. MADSEN (#8848), SAMSON F. DADI (#15942), MARK ZDEB (#7371),GERARDO CALDERON, JR. (#17623), STEVE A. SCHMID (#3625), Sergeant MICHAEL T. CORLETT (#2312), and Lieutenant DON JEROME (#307), Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge<br><br>Magistrate Judge |

## **COMPLAINT**

Plaintiff JANET GODINEZ, as administrator of the estate of her brother, decedent HERIBERTO GODINEZ, by and through her attorneys, Jeffrey B. Granich and Torreya L. Hamilton, make the following complaint against Defendants The CITY OF CHICAGO (Defendant CITY) and Chicago Police Officers KEITH M. LINDSKOG, JAMES A. MCANDREW, RODRIGO J. CORONA, MANUEL ARROYO, GERALD J. NOWAKOWSKI, YASIR RAMOS, TODD A. JOHNSON, BRIAN A. MADSEN, SAMSON F. DADI, MARK J. ZDEB, GERARD CALDERON, JR., STEVE A. SCHMID, Sergeant MICHAEL T.CORLETT (#2312), and Lieutenant DON JEROME (Defendant OFFICERS):

## JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and Illinois law.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. §1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. At the time of his death, decedent HERIBERTO GODINEZ was a 26-year-old Hispanic male, and a resident of the City of Chicago, Illinois.

5. Plaintiff JANET GODINEZ is the sister of decedent HERIBERTO GODINEZ and brings this action on behalf of her brother's next of kin and as the administrator of her brother's estate. At all relevant times, JANET GODINEZ was also a resident of the City of Chicago, Illinois.

6. At all relevant times, Defendant OFFICERS were Chicago Police Officers employed by the Defendant CITY and acting under color of state law and within the scope of their employment as Chicago police officers.

7. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is, or was at all relevant times, the employer and principal of the Defendant OFFICERS. Should Plaintiff prevail on her claims, Defendant CITY is liable to Plaintiff as the principal on Plaintiff's state law claims, and must indemnify Defendant OFFICERS on Plaintiff's federal claims pursuant to 735 ILCS 10/9-102.

## FACTS

8. On July 20, 2015, Decedent HERIBERTO GODINEZ was detained by Defendant OFFICERS near his family's home at 3046 W. Pershing Road in Chicago, Illinois.

9. During their detention of HERIBERTO GODINEZ, Defendant OFFICERS used or stood by while other officers exerted physical pressure on the Decedent's head, neck, shoulders, chest and back.

10. One or more of Defendant OFFICERS used unreasonable and dangerous methods of force and restraint on HERIBERTO.

11. Defendant OFFICERS' use of force and methods of restraint caused HERIBERTO to suffer a loss of oxygen to his brain.

12. As a result of Defendant OFFICERS' actions and omissions, Plaintiff died.

### COUNT I
(42 U.S.C. §1983 –Fourth Amendment Excessive Force)

13. Each of the preceding paragraphs is incorporated as if fully restated here.

14. As described above, several of one or more of Defendant OFFICERS subjected Decedent HERIBERTO GODINEZ to excessive force in violation of the Fourth Amendment to the United States' Constitution.

15. Defendant OFFICERS' conduct was objectively unreasonable under the totality of the circumstances.

16. As a result of Defendant OFFICERS' acts or omissions, decedent experienced pain and suffering, emotional distress, the loss of his life, and his estate has incurred medical and funeral expenses.

**WHEREFORE**, Plaintiff, JANET GODINEZ, as administrator of the estate of HERIBERTO GODINEZ, prays for judgment against Defendant OFFICERS, jointly and severally, in an amount reasonable to compensate Decedent's estate, plus punitive damages against Defendant OFFICERS, in addition to costs, attorney's fees, and such other relief as is just and equitable**.**

## COUNT II
(42 U.S.C. §1983 –Failure to Intervene)

17. Each of the preceding paragraphs is incorporated as if fully restated here.

18. As described more fully in the preceding paragraphs, one or more of Defendant OFFICERS subjected Decedent HERIBERTO GODINEZ to excessive force in violation of the Fourth Amendment to the United States' Constitution.

19. One or more other Defendant OFFICERS were aware of their fellow officers' misconduct, had a reasonable opportunity to intervene to protect HERIBERTO GODINEZ from harm, but failed to do so.

20. Defendant OFFICERS' conduct was objectively unreasonable under the totality of the circumstances.

21. As a result of Defendant OFFICERS' acts or omissions, decedent experienced pain and suffering, emotional distress, the loss of his life, and his estate has incurred medical and funeral expenses.

**WHEREFORE**, Plaintiff, JANET GODINEZ, as administrator of the estate of HERIBERTO GODINEZ, prays for judgment against Defendant OFFICERS, jointly and severally, in an amount reasonable to compensate Decedent's estate, plus punitive damages against Defendant OFFICERS, in addition to costs, attorney's fees, and such other relief as is just and equitable**.**

## COUNT III
(42 U.S.C. §1983 - Supervisory Liability)

22. Each of the preceding paragraphs is incorporated as if fully re-stated here.

23. Defendant OFFICERS JEROME and CORLETT were the supervisors on scene during the detention and restraint of HERIBERTO GODINEZ.

24. As described above, Defendant OFFICERS used excessive force upon HERIBERTO GODINEZ causing him pain, injury and death.

25. At all relevant times, Defendants JEROME and CORLETT are or were a Lieutenant and sergeant, respectively and were supervisory-level police officials on the Chicago Police Department. It was the responsibility of Defendants JEROME and CORLETT to supervise the conduct of the other Defendant OFFICERS who took part in using excessive force upon HERIBERTO, causing him pain, injury and death.

26. Rather than properly supervising the other Defendants OFFICERS, Defendant OFFICERS JERMONE and CORLETT condoned the unlawful behavior of the other Defendant OFFICERS and failed to take appropriate steps to stop it.

27. As a direct and proximate result of Defendant OFFICERS JEROME 's and CORLETT"s failure to supervise the other Defendant OFFICERS, Decedent suffered physical injuries, emotional distress, and death and his estate incurred medial and burial expenses.

    **WHEREFORE**, Plaintiff prays for a judgment against Defendants JEROME and CORLETT in a fair and just amount sufficient to compensate Decedent's estate for the damages suffered by Decedent, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT IV
(42 U.S.C. § 1983 - Conspiracy to Deprive Constitutional Rights)

28. Each of the preceding paragraphs is incorporated as if fully restated here.

29. As described more fully above, the Defendant OFFICERS reached an express or implied agreement to violate Decedent's constitutional rights as described in the preceding paragraphs.

30. One or more of Defendant OFFICERS further conspired to cover up their own, and each others' misconduct with respect to Decedent HERIBERTO GODINEZ.

31. In furtherance of the conspiracy, each of the co-conspirators committed overt acts or omissions and was an otherwise willful participant in joint activity.

32. The misconduct described in this Count was undertaken with willfulness or reckless indifference to the rights of Decedent HERIBERTO GODINEZ.

33. As a result of the Defendant OFFICERS' acts or omissions, Decedent HERIBERTO GODINEZ experienced pain and suffering, emotional distress, the loss of his life, and his estate incurred medical and funeral expenses.

   **WHEREFORE**, Plaintiff JANET GODINEZ, as administrator of the estate of HERIBERTO GODINEZ, prays for judgment against Defendant OFFICERS, jointly and severally, in an amount reasonable to compensate Decedent's estate, plus punitive damages against Defendant OFFICERS, in addition to costs, attorney's fees, and such other relief as is just and equitable.

**COUNT V**
(Policy Claim vs. Defendant CITY OF CHICAGO)

34. Plaintiff re-alleges the preceding paragraphs as if fully restated here.

35. The misconduct of Defendant OFFICERS alleged above was undertaken pursuant to the policy and practice of the City of Chicago.

36. As a matter of both policy and practice, the City of Chicago has encouraged the type of misconduct at issue in this case by failing to adequately investigate in-custody civilian deaths an failing to discipline the Chicago police officers involved, and Defendant CITY's failure to do so constitutes deliberate indifference.

37. The City of Chicago has encouraged its police department to protect its police officers from any accountability. The City has allowed and encouraged a practice whereby Chicago police Detectives are allowed to conduct their interviews of witnesses and accused officers before any investigator from the Police Review Authority (IPRA) is allowed to do so. During their

investigations into officer-involved deaths, the Chicago Police Detectives who are assigned to investigate these types of cases steer their investigations of in-custody deaths in favor of the accused officers by methods such as dismissing witnesses who are unfavorable to the officers involved and then not recording these witnesses' presence on scene; by manipulating, lying to, coercing and/or pressuring witnesses into changing their testimony to reflect more favorably upon the officers involved; by recording witness statements inaccurately, by counseling or advising the officers involved in what to say to avoid discipline or liability for their actions; by failing to collect or preserve evidence that would not reflect favorably upon the officers involved; and by misleading prosecutors about the evidence to ensure that the police officers are shielded from discipline, liability and prosecution.

38. A code of silence has existed inside the Chicago Police Department for decades and Defendant CITY has long been aware of it, but has done almost nothing to address or correct this problem until very recently.

39. Chicago police officers who observe misconduct by their fellow officers but do not report it, are not held accountable for their failure to do so.

40. Whistleblowers within the Chicago Police Department are not protected or supported by the Chicago Police Department and Defendant CITY. Chicago police officers who report the misconduct of other officers are subjected to unbearable working conditions and are ridiculed and shunned by their fellow officers, thereby discouraging them and other officers from reporting misconduct they observe. Instead of guarding against this treatment of whistleblowers, CPD supervisory staff either participates in it or turn a blind eye.

41. Thus, Chicago police officers who use excessive force on civilians know they can act with impunity, even if their fellow officers witness their misconduct.

42. The CITY has also been deliberately indifferent to the Chicago Police Department's failure to properly use, maintain and monitor Chicago police dashboard video and audio recording equipment. The CITY has failed to supervise its police officers in using this equipment properly, and failed to investigate and discipline instances of officers disabling, destroying, or failing to record save these recordings. Chicago police officers know they can disable the equipment, fail to upload the recordings from their shift, or simply move off camera to commit misconduct, without suffering any discipline or consequences. Thus, as a result of the CITY's deliberate indifference, Chicago police officers who use excessive force are also unconcerned about their misconduct being caught on their police vehicle's recording equipment.

43. The CITY has long been aware that restraint techniques that cut off the breathing of a detainee are illegal and could cause a detainee's death. However, this technique is still being used by Chicago police officers to control struggling suspects, and those officers are not being appropriately disciplined for this illegal and dangerous use of force.

44. According to City of Chicago statistics, since its inception in 2007, the City of Chicago's Independent Police Review Authority (IPRA) has investigated more than 400 police shootings and other in-custody deaths and found the police officers' conduct during these incidents to be justified in almost every case.

45. Even when IPRA investigators find police officer misconduct, Defendant CITY, through its chosen IPRA supervisors, refused to make findings against Chicago police officers involved in civilian deaths, and have instead ordered IPRA investigators to change their findings and reports to hide police officer misconduct from public scrutiny and oversight.

46. Even after a jury found has found that a Chicago police officer has used excessive force on a citizen, Defendant CITY did not impose discipline based on the jury's findings. For example, in

that citizen $350,000.00 in damages. Officer Van Dyke was not disciplined as a result of the impunity. Five years later, Van Dyke killed Laquan McDonald.

47. The City of Chicago's Police Accountability Task Force has found that "[the Independent Police Review Authority] is badly broken…. Cases go uninvestigated, the agency lacks resources and IPRA's findings raise troubling concerns about whether it is biased in favor of police officers. Up until recently, the agency had been run by former law enforcement, who allowed leadership to reverse findings without creating any record of the changes."

48. As a direct result of the aforementioned failures by Defendant CITY to adequately investigate officer-involved civilian deaths and to take appropriate disciplinary action against its police officers, Defendant OFFICERS were led to believe their actions would never be scrutinized or punished, and in that way, Defendant CITY directly encouraged the abuses such as the unlawful use of force that caused the death of HERIBERTO GODINEZ.

**WHEREFORE**, Plaintiff prays for judgment against Defendants CITY for compensatory damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

## COUNT VI
(Illinois Wrongful Death Claim)

49. Each of the preceding paragraphs is incorporated as if fully restated here.

50. At all relevant times, Defendant OFFICERS owed decedent HERIBERTO GODINEZ a duty to refrain from wanton and willful acts and/or omissions, which could cause him harm.

51. Defendant OFFICERS breached their duty to Decedent HERIBERTO GODINEZ in the manner described above and their actions were undertaken intentionally, willfully and wantonly, and were the proximate cause of Decedent's death.

52. Decedent HERIBERTO GODINEZ is survived by his next of kin: his mother and father Ofelia Godinez and Heriberto Godinez, Sr., his brother Juan Godinez, and his two sisters Crystal Godinez and Plaintiff JANET GODINEZ.

53. By reason of the death of Decedent HERIBERTO GODINEZ, Decedent's next of kin have suffered damages, including grief, and the loss of comfort, love, affection, and society of their family member, Decedent, HERIBERTO GODINEZ.

**WHEREFORE**, Plaintiffs prays for judgment against Defendant CITY in an amount reasonable to compensate Decedent's next of kin for damages they have each suffered as a result of Decedent's death, and such other relief as is just and equitable.

## COUNT VII
(Illinois Survival Act Claim-Battery)

54. Each of the preceding paragraphs is incorporated as if fully restated here.

55. As more fully alleged in preceding counts, Defendant OFFICERS used physical force upon Decedent HERIBERTO GODINEZ without his consent.

56. Defendant OFFICERS' use of force was undertaken intentionally, willfully and wantonly.

57. As a direct and proximate result of Defendant OFFICERS' actions, Decedent HERIBERTO GODINEZ suffered physical pain and suffering and emotional distress before his death.

**WHEREFORE**, Plaintiff JANET GODINEZ, as administrator of her brother, HERIBERTO GODINEZ's estate, prays for judgment against Defendant CITY, in amount reasonable to compensate Decedent for Defendant OFFICERS' willful misconduct, and such other relief as is just and equitable.

## COUNT VIII
(Illinois Survival Act Claim-Intentional Infliction of Emotional Distress)

58. Each of the foregoing paragraphs is incorporated as if fully restated here.

59. As more fully alleged in the preceding counts, Defendants wantonly and willfully caused Decedent HERIBERTO GODINEZ to suffer severe emotional distress before his death.

60. Defendant OFFICERS' conduct toward HERIBERTO GODINEZ was extreme and outrageous.

61. Defendant OFFICERS knew or should have known that their acts or omissions would cause Decedent HERIBERTO GODINEZ to suffer severe emotional distress.

62. As a direct and proximate result of Defendant OFFICERS' acts or omissions, Decedent HERIBERTO GODINEZ suffered the severe emotional distress and suffering prior to his death.

WHEREFORE, Plaintiff JANET GODINEZ, prays for judgment against Defendant CITY in and amount reasonable to compensate Decedent's estate for the emotional pain and suffering of Decedent prior to his death, and such other relief as is just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

JANET GODINEZ, Administrator of the Estate of her brother, Decedent HERIBERTO GODINEZ, on behalf of her brother's estate and her brother's next of kin,

By: /s Jeffrey B. Granich
    One of Plaintiffs' Attorneys

LAW OFFICE OF JEFFREY GRANICH
53 West Jackson Boulevard, Suite 1028
Chicago, Illinois 60604
312.939.9009
Atty. No. 6297030

By: /s Torreya L. Hamilton
    One of Plaintiffs' Attorneys

HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Atty. No. 6229397