**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **JANET GODINEZ. on behalf of herself and as administrator to the estate of HERIBERTO GODINEZ, Deceased,** )<br>)<br>)<br>) | |
| **Plaintiff,** )<br>) | |
| v. ) | No. 16 C 7344 |
| ) | |
| **THE CITY OF CHICAGO,** *et al.*, ) | Judge Rebecca R. Pallmeyer |
| ) | |
| **Defendants.** ) | |

## ORDER

Plaintiff Janet Godinez filed this action against the City of Chicago and several police officers whose conduct, she alleges, resulted in the death of her 26-year-old brother Heriberto Godinez. Defendant City is represented by attorneys within the City law department, as well as three attorneys with the law firm of Nathan & Kamionski, LLP, a four-attorney law firm in Chicago. Plaintiff has moved to disqualify all three of those attorneys. One of the three—Helen O'Shaughnessy—previously worked as general counsel to the City of Chicago's Independent Police Review Authority (IPRA). In this capacity, Ms. O'Shaughnessy allegedly participated in certain events that may be relevant to Plaintiff's claim against the City. Plaintiff argues that Ms. O'Shaughnessy therefore must be disqualified from representing the City pursuant to Rule 3.7(a) of the American Bar Association's Model Rules of Professional Conduct (hereafter "ABA Rules"), which states that "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness" except in certain limited circumstances. (Pl.'s Mot. to Disqualify [99], at 5.) As Plaintiff interprets that rule, it also requires the disqualification of Avi Kamionski and Shneur Nathan, the other two attorneys from Ms. O'Shaughnessy's firm who represent the City in this case. (*Id.*) In the alternative, Plaintiff suggests that Mr. Kamionski and Mr. Nathan must be disqualified "because there is no realistic way to construct a 'Chinese Wall'

between O'Shaughnessy and her colleagues to guard against conflicts." (Pl.'s Reply [109], at 1.)

The City disputes that Rule 3.7(a) requires the disqualification of Ms. O'Shaughnessy, but also states that it "intends to voluntarily have Ms. O'Shaughnessy withdraw her appearance" in this case "out of the abundance of caution." (City's Resp. [105], at 13.) Assuming Ms. O'Shaughnessy will, in fact, withdraw her appearance, this court need not decide whether she is required to do so by Rule 3.7(a). The only remaining question is whether Mr. Kamionski and Mr. Nathan must be disqualified as well.

Rule 3.7(a) does not, by its terms, require disqualification of either Mr. Kamionski or Mr. Nathan so long as neither is "likely to be a necessary witness." That appears to be the case: Plaintiff has not suggested that either Kamionski or Nathan worked for the IPRA or otherwise participated in the events that make O'Shaughnessy a potential witness. Plaintiff argues that Kamionski and Nathan have "discoverable" information in the form of communications from O'Shaughnessy about the underlying events in this case. (Pl.'s Mot. to Disqualify 6.) Even if this is true, it does not make them *necessary* witnesses for the purpose of Rule 3.7(a). O'Shaughnessy herself can provide Plaintiff with the same information that Plaintiff claims O'Shaughnessy communicated to Kamionski and Nathan.

The fact that O'Shaughnessy may testify in this case is also insufficient to require that her law firm colleagues be disqualified. Rule 3.7(b) expressly *allows* an attorney to represent a client on a matter in which another attorney at her firm may testify, unless doing so would somehow violate Rules 1.7 or 1.9. But Plaintiff has not alleged any facts that would suggest that O'Shaughnessy's prior employment with IPRA creates an unavoidable concurrent conflict of interest for Kamionski and Nathan, *see* ABA Rule 1.7, or that Kamionski and Nathan's representation of the City would cause O'Shaughnessy to breach any ongoing duty to IPRA, *see* ABA Rule 1.9. In fact, the available evidence suggests the opposite. O'Shaughnessy worked on an identical matter—the death of Heriberto Godinez—for two clients. If the interests

of the IPRA and the City of Chicago are "materially adverse" with respect to the facts of this dispute, ABA rules permit the clients to give informed consent, in writing, to waive any conflict. ABA Rule 1.9(a), (b).

Plaintiff's initial brief does not address the existence of any conflicts of interest. Instead, she rested her argument for disqualification solely on the ground that Kamionski and Nathan themselves are likely to be "necessary witnesses" in the dispute. (*See generally* Pl.'s Mot. to Disqualify.) In her Reply, Plaintiff contends that Kamionski and Nathan must be disqualified "because there is no realistic way to construct a 'Chinese Wall' between O'Shaughnessy and her colleagues to guard against conflicts." (Pl.'s Reply 1.) If a Chinese Wall is in fact necessary, Plaintiff is likely correct that the legal standard for effective screening would be hard to meet in this case; the firm is a very small one and O'Shaughnessy was directly involved in both the IPRA review and the Plaintiff's lawsuit. (*See id.* at 2 (citing *Van Jackson v. Check 'N Go of Illinois, Inc.*, 114 F. Supp. 2d 731, 732 (N.D. Ill. 2000)); *see also Schiessle v. Stephens*, 717 F.2d 417, 421 (7th Cir. 1983) (instructing courts evaluating the effectiveness of screens to weigh: (1) the size and structure of the law firm involved, (2) the likelihood of contact between the "infected" attorney and the attorneys responsible for the present representation, (3) the existence of internal rules limiting the infected attorney's access to information, and (4) fee sharing with the infected attorney). Unless Plaintiff establishes that there is a conflict, however, the court declines to address the question of whether it is possible to screen O'Shaughnessy from the work of Kamionski and Nathan. Absent any such conflict, participation in a matter by the remaining attorneys in that firm is not objectionable.

Plaintiff's Motion to Disqualify [99] is denied without prejudice.

ENTER:

Dated: March 6, 2018

_____
REBECCA R. PALLMEYER
United States District Judge

3