# EXHIBIT 45

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANET GODINEZ, on behalf of herself and as administrator of the estate of her brother, HERIBERTO GODINEZ, Deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 07344 |
| | ) | |
| v. | ) | |
| | ) | Judge Rebecca R. Pallmeyer |
| CITY OF CHICAGO et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S RESPONSE TO**
**PLAINTIFF'S THIRD SET OF DOCUMENT REQUESTS**

Defendant CITY OF CHICAGO ("City"), by its attorneys, Nathan & Kamionski LLP, respectfully submits its answers and objections to Plaintiff's Third Set of Document Requests to Defendant City of Chicago. In so answering, Defendant City states, states as follows:

**REQUESTS**

**REQUEST NO. 36** - All documents relating to any internal investigation into the death of any detainee or arrestee in Chicago police custody, excluding any shooting deaths, from July 20, 2005 to July 20, 2015, including all attachments and investigator notes regardless of whether those notes are incorporated into subsequent documents. This request specifically includes any documents maintained in any "working file," "original file," "investigator's file," "paper file," and any electronic database.

**RESPONSE:** The City objects to this request as being overbroad as to time because it seeks materials outside the three-year time limitation imposed by the district court in this case. The City further objects to this request as overbroad in scope in that it fails to limit the request to comparators which are sufficiently similar to the circumstances alleged in this case and therefore rendering the request unlikely to provide probative value compared with the burden this request seeks to impose upon the City and the needs of the case, particularly given the

**EXHIBIT 45**

City's proposed stipulation on the *Monell* claim. The City further objects to this request because it is unduly burdensome and disproportionate to the needs of this case in that it seeks materials that would require the City to expend onerous costs and countless legal professional hours in order to identify, gather and produce all of the documents responsive to this request. The City further objects to this request as vague and ambiguous as to the terms  "working file," "original file," "investigator's file," "paper file," and "any electronic database." Subject to and without waiving these objections, the City is producing a list EO files and lists of files under IPRA/COPA/OPS categories 4H and 4Z for three years preceding the death of Mr. Godinez, and invites Plaintiff to meet and confer regarding any additional specific files needed from the list and the costs and timing of production for these additional materials. (See CITY 025940-025960). Responding further, the City conducted a reasonable investigation to locate files for death in custody cases (non-shooting) for CPD for the time period of January 1, 2012, through December 31, 2015, and is producing herewith a list of 15 responsive files, as well as Chicago Police Department electronically available documents associated with the Record Division numbers for each of these files that have been located to date. (See CITY 025633-025939).

**REQUEST NO. 37** – All documents, including any charts or statistics, that reflect the number of internal investigations into deaths in Chicago police custody during the past 20 years, and the number of sustained findings in those investigations.

**RESPONSE:**  The City objects to this request as overbroad and unduly burdensome as to the time period requested, not proportional to the needs of the case, and vague and ambiguous as to the terms "all documents that reflect" and "deaths in Chicago police custody." The City further objects to this request to the extent that it calls for attorney-client or attorney work-product materials. Subject to and without waiving these objections, the City refers Plaintiff to the documents and charts produced in response to Request Number 36 of Plaintiff's Third Set of

Document Request, and invites Plaintiff to meet and confer regarding the specific files needed and the costs and timing of the production.

**REQUEST NO. 38** - All documents relating to civil jury verdicts in favor of Plaintiff(s) in wrongful death lawsuits, excluding shooting deaths, against the City of Chicago and/or Chicago Police Department personnel from July 20, 2005 to July 20, 2015.

**RESPONSE:** The City objects to this request as overbroad as to both time and scope and unduly burdensome, for it involves onerous costs and man hours that are not proportional to the needs of this case and involving materials outside the relevant *Monell* time period of July 2012 to July 2015, and on the basis that the requested information is equally available to Plaintiff. Subject to and without waiving said objections, the City directs Plaintiff to the documents produced in response to Request Number 36 of Plaintiff's Third Set of Document Request.

**REQUEST NO. 39** -All documents relating to civil settlements in wrongful death lawsuits, excluding shooting deaths, against the City of Chicago and/or Chicago Police Department personnel from July 20, 2005 to July 20, 2015.

**RESPONSE:** The City objects to this request as overbroad as to both time and scope and unduly burdensome, for it involves onerous costs and man hours that are not proportional to the needs of this case and involving materials outside the relevant *Monell* time period of July 2012 to July 2015, and on the basis that the requested information is equally available to Plaintiff. Subject to and without waiving said objections, the City directs Plaintiff to the documents produced in response to Request Number 36 of Plaintiff's Third Set of Document Request.

**REQUEST NO. 40** – All documents relating to any internal investigation regarding allegations of tampering with and/or manipulating in car camera equipment, including but not limited to, microphones, from July 20, 2005 to July 20, 2015, including all attachments and investigator notes regardless of whether those notes are incorporated into subsequent documents. This request includes any

documents generated by the City's Office of the Inspector General. This request also includes any documents maintained in any "working file," "original file," "investigator's file," "paper file," and any electronic database.

**RESPONSE:** The City objects to this request as vague and ambiguous as to the terms

"attachments," "working file," "original file," "investigator's file," "paper file," and "any

electronic database," and further objects to the Request as being overbroad as to both time and

scope and unduly burdensome, for it involves onerous costs and man hours that are not

proportional to the needs of this case and involving materials outside the relevant *Monell* time

period of July 2012 to July 2015. Subject to and without waiving these objections, the City

answers that it has requested documentation from CPD and COPA responsive to this request for

the time period of July 2012 through July 2015 and has identified 19 Complaint Log numbers

and 111 SPARS that include search terms "mic; in-car; incar; camera; dashcam; dash cam". The

City hereby produces this printout to Plaintiff  herewith (CITY 025961-025984) and invites

Plaintiff to meet and confer regarding any additional documents that are necessary and, if so, the

timing, parameters, and costs to potentially be assessed to Plaintiff in order to produce additional

documents.

**REQUEST NO. 41  -** All documents that reflect the number of sustained findings against Chicago Police Department personnel for disabling or tampering with and/or failing to properly use in car camera equipment from July 20, 2005 to July 20, 2015.

**RESPONSE:** The City objects to this request as overbroad as to both time and scope and

unduly burdensome. Subject to and without waiving these objections, the City answers that it has

requested documentation from CPD and COPA responsive to this request for the time period of

July 2012 through July 2015 and has identified 19 Complaint Log numbers and 111 SPARS that

include search terms "mic; in-car; incar; camera; dashcam; dash cam". The City hereby produces

this printout to Plaintiff  (CITY 025961-025984) and invites Plaintiff to meet and confer

regarding any additional documents that are necessary and, if so, the timing, parameters, and costs to potentially be assessed to Plaintiff in order to produce additional documents.

**REQUEST NO. 42** - Any and all Chicago Police Department policies, guidelines, protocol, or procedures regarding restraint techniques in effect on July 20, 2015.

**RESPONSE:** The City objects to this request as vague and ambiguous as to the phrases "guidelines, protocol, or procedures" and "regarding restraint techniques." Subject to and without waiving said objections, the City refers Plaintiff to General Order G06-01-02 (CITY 025626-025629) and other potentially responsive materials that are being produced herewith. (CITY 025571-025632).

**REQUEST NO. 43** – Any and all training materials, manuals, videos, audio recordings, outlines or other course materials utilized to train Chicago police officers on restraint techniques, or positional asphyxia, between 2005 and 2015.

**RESPONSE:** The City objects to this request as overbroad and unduly burdensome as to the time period requested and vague and ambiguous as to the terms "materials, "outlines," "other course materials," "restraint techniques," and "positional asphyxia." Subject to and without waiving said objections, the City refers Plaintiff to the training bulletin regarding "positional asphyxia" (CITY 025630-025631) and the other training materials produced herewith. .

**REQUEST NO. 44** – Any and all training materials, manuals, videos, audio recordings, outlines or other course materials utilized to train Chicago police officers on restraint techniques since July 20, 2015.

**RESPONSE:** The City objects to this request as overbroad and unduly burdensome and vague and ambiguous as to the terms "materials, "outlines," "other course materials," "restraint techniques," and "positional asphyxia." The City further objects to this request as to overbroad in terms of time frame because it seeks materials post-dating the incident, which is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said

objections, the City refers Plaintiff to the training bulletin regarding "positional asphyxia" (CITY

025630-025631) and the other training materials produced herewith.

**REQUEST NO. 45** - Any and all Chicago Police Department policies, guidelines, protocol, or
procedures regarding in car cameras in effect on July 20, 2015.

**RESPONSE:** The City objects to this request as overbroad and unduly burdensome and vague

and ambiguous as to the terms "policies, "guidelines," "protocol," and "procedures." Subject to

and without waiving said objections, the City answers that it requested documentation from CPD

responsive to this request and is still waiting receipt of any responsive documents CPD has

within its control. The City will tender any and all responsive documents to Plaintiff upon

receipt of such documents from CPD for the relevant time period July 2012 to July 2015 and the

City has conferred with Plaintiff regarding the scheduling of a Rule 30(b)(6) deposition to

provide further background that may be responsive to this request.

**REQUEST NO. 46** – Any and all training materials, manuals, videos, audio recordings, outlines or
other course materials utilized to train Chicago police officers on the use of in car camera systems prior to
July 20, 2015.

**RESPONSE:** The City objects to this request as overbroad and unduly burdensome as to the

time period requested and vague and ambiguous as to the terms "materials, "outlines," and "other

course materials". Subject to and without waiving said objections, the City answers that it

requested documentation from CPD responsive to this request but limited to the three-year

period prior to July, 2015, and is still waiting receipt of any responsive documents CPD has

within its control. The City will tender any and all responsive documents to Plaintiff upon

receipt of such documents from CPD for the relevant time period July 2012 to July 2015. In

addition, the City has conferred with Plaintiff regarding the scheduling of a Rule 30(b)(6)

deposition to provide further background that may be responsive to this request.


**REQUEST NO. 47** - Any and all training materials, manuals, videos, audio recordings, outlines or other course materials utilized to train Chicago police officers on the use of in car camera systems since July 20, 2015.

**RESPONSE:** The City objects to this request as overbroad, unduly burdensome, and not

proportionate to the needs of the case given that it is seeking documents that post-date the

incident at issue in this case. The City further objects to this request as vague and ambiguous as

to the terms "materials, "outlines," "manuals," and "other course materials." Subject to and

without waiving said objections, the City answers that it requested documentation from CPD

responsive to this request and is still waiting receipt of any responsive documents CPD has

within its control. The City will tender any and all responsive documents to Plaintiff upon

receipt of such documents from CPD for the relevant time period July 2012 to July 2015.


**REQUEST NO. 48** - Any documents relating to any internal investigation into the death of Omar Ramirez (civil case number 99 CV 4041), including all attachments and investigator notes regardless of whether those notes are incorporated into subsequent documents. This request specifically includes any documents maintained in any "working file," "original file," "investigator's file," "paper file," and any electronic database.

       **RESPONSE:** The City objects to this request as overbroad as to both time and scope and

unduly burdensome, for it involves onerous costs and man hours that are not proportional to the

needs of this case and involves materials outside the relevant *Monell* time period of July 2012 to

July 2015. The City further objects to this request because the terms "working file," "original

file," "investigator's file," "paper file" and "any electronic database" are vague.

**REQUEST NO. 49** - Any documents relating to any internal investigation into the death of Christopher Hicks on or about May 26, 2004 (civil case number 04 CV 3904), including all attachments and investigator notes regardless of whether those notes are incorporated into subsequent documents. This request specifically includes any documents maintained in any "working file," "original file,"

"investigator's file," "paper file," and any electronic database.

**RESPONSE:** The City objects to this request as overbroad as to both time and scope and unduly burdensome, for it involves onerous costs and man hours that are not proportional to the needs of this case and involves materials outside the relevant *Monell* time period of July 2012 to July 2015. The City further objects to this request because the terms "working file," "original file," "investigator's file," "paper file" and "any electronic database" are vague.

**REQUEST NO. 50** - All documents relating to any internal investigation into the death of Fred Killingsworth on or about April 21, 1991 (civil case number 91 CV 2632), including all attachments and investigator notes regardless of whether those notes are incorporated into subsequent documents. This request specifically includes any documents maintained in any "working file," "original file," "investigator's file," "paper file," and any electronic database.

**RESPONSE:** The City objects to this request as overbroad as to both time and scope and unduly burdensome, for it involves onerous costs and man hours that are not proportional to the needs of this case and involves materials outside the relevant *Monell* time period of July 2012 to July 2015. The City further objects to this request because the terms "working file," "original file," "investigator's file," "paper file" and "any electronic database" are vague.

**REQUEST NO. 51** – All documents relating to any internal investigation into the death of James Thompson on or about December 5, 2000 (civil case number 91 CV 8883), including all attachments and investigator notes regardless of whether those notes are incorporated into subsequent documents. This request specifically includes any documents maintained in any "working file," "original file," "investigator's file," "paper file," and any electronic database.

**RESPONSE:** The City objects to this request as overbroad as to both time and scope and unduly burdensome, for it involves onerous costs and man hours that are not proportional to the needs of this case and involve materials outside the relevant *Monell* time period of July 2012 to July 2015. The City further objects to this request because the terms "working file," "original file," "investigator's file," "paper file" and "any electronic database" are vague.

**REQUEST NO. 52** - All documents relating to any internal investigation into the death of Frankie Ann Perkins on or about March 22, 1997 (civil case number 97 CV 2389), including all attachments and investigator notes regardless of whether those notes are incorporated into subsequent documents. This request specifically includes any documents maintained in any "working file," "original file," "investigator's file," "paper file," and any electronic database.

**RESPONSE:** The City objects to this request as overbroad as to both time and scope and

unduly burdensome, for it involves onerous costs and man hours that are not proportional to the

needs of this case and involves materials outside the relevant *Monell* time period of July 2012 to

July 2015. The City further objects to this request because the terms "working file," "original

file," "investigator's file," "paper file" and "any electronic database" are vague.

**REQUEST NO. 53** -All  documents relating to any internal investigation into the death of Jorge Guillen on or about October 3, 1995 (civil case number 95 CV 5911), including all attachments and investigator notes regardless of whether those notes are incorporated into subsequent documents. This request specifically includes any documents maintained in any "working file," "original file," "investigator's file," "paper file," and any electronic database.

**RESPONSE:** The City objects to this request as overbroad as to both time and scope and unduly

burdensome, for it involves onerous costs and man hours that are not proportional to the needs of

this case and involves materials outside the relevant *Monell* time period of July 2012 to July

2015. The City further objects to this request because the terms "working file," "original file,"

"investigator's file," "paper file" and "any electronic database" are vague.

**REQUEST NO. 54** – All documents relating to any internal investigation into the death of Gregory Riley on or about June 14, 1999 (civil case number 99 L 6846), including all attachments and investigator notes regardless of whether those notes are incorporated into subsequent documents. This request specifically includes any documents maintained in any "working file," "original file," "investigator's file," "paper file," and any electronic database.

 **RESPONSE:**  The City objects to this request as overbroad as to both time and scope and

unduly burdensome, for it involves onerous costs and man hours that are not proportional to the

needs of this case and involve materials outside the relevant *Monell* time period of July 2012 to

July 2015. The City further objects to this request because the terms "working file," "original

file," "investigator's file," "paper file" and "any electronic database" are vague.

**REQUEST NO. 55** - Any and all written communications, emails, text messages, Gchats or any other communications between any attorney representing the City of Chicago in this matter and any current or former employee of the Cook County State's Attorneys' Office concerning Heriberto Godinez, or anything else relating to this lawsuit.

**RESPONSE:** The City objects to this request because it is overbroad in time and scope, calls for information calculated to violate the attorney-client privilege and attorney work-product doctrine, and seeks information that is available from sources other than Defendant City's counsel, which has been disallowed pursuant to *Howard v. Securitas Sec. Services, USA Inc.*, 630 F.Supp.2d 905, 909 (N.D. Ill. 2009) (Gottschall, J.) (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). The City further objects to this request because the term "anything else relating to this lawsuit" is vague. Subject to and without waiving these objections, the City states that it did not do its own search in response to this request given the objections specified above but refers Plaintiff to the email communications produced by the CCSAO under bates numbers CCSAO City Counsel Emails 000001 through 000083.

**REQUEST NO. 56** – Any and all written communications, emails, text messages, Gchats or any other forms of communications between any attorney representing the City of Chicago in this matter and any current or former employee of the Cook County Medical Examiners' Office concerning Heriberto Godinez, or anything else relating to this lawsuit.

**RESPONSE:** The City objects to this request because it is overbroad in time and scope, unduly burdensome in that it seeks identical discovery obtained from the Cook County State's Attorneys' Office and the Cook County Medical Examiner's Office pursuant to subpoena and unnecessarily imposes additional costs and fees upon the City, and because it is calculated to harass the City and its counsel. The City further objects to this request because it calls for information calculated to violate the attorney-client privilege and attorney work-product doctrine and seeks information that is available from sources other than Defendant City's counsel, which

has been disallowed pursuant to *Howard v. Securitas Sec. Services, USA Inc.*, 630 F.Supp.2d

905, 909 (N.D. Ill. 2009) (Gottschall, J.) (citing *Shelton v. American Motors Corp.*, 805 F.2d

1323 (8th Cir. 1986). The City further objects to this request because the term "anything else

relating to this lawsuit" is vague.  Subject to and without waiving these objections, the City states

that it did not do its own search in response to this request given the objections specified above

but the City refers Plaintiff to the email communications produced by the CCSAO under bates

numbers CCSAO City Counsel Emails 000001 through 000083.

**REQUEST NO. 57** – Any and all written communications, emails, text messages, Gchats or any other
forms of communications between any attorney representing the City of Chicago in this matter and any
potential witness in this case.

**RESPONSE:**  The City objects to this request because it is overbroad in time and scope, unduly

burdensome in that it seeks material available to Plaintiff through the issuance of a subpoena to

third parties, and because it is calculated to harass the City and its counsel. The City further

objects to this request because it calls for information calculated to violate the attorney-client

privilege and attorney work-product doctrine and seeks information that is available from

sources other than Defendant City's counsel, which has been disallowed pursuant to *Howard v.*

*Securitas Sec. Services, USA Inc.*, 630 F.Supp.2d 905, 909 (N.D. Ill. 2009) (Gottschall, J.) (citing

*Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). The City further objects to

this request because the term "any potential witness in this case" is vague and calls for attorney

mental impressions. Subject to and without waiving these objections, the City states that it did

not do its own search in response to this request given the objections specified above but the City

refers Plaintiff to the email communications produced by the CCSAO under bates numbers

CCSAO City Counsel Emails 000001 through 000083.

Respectfully submitted,


/s/ Robin Shoffner
One of the Attorneys for Defendant,
 City of Chicago




Avi T. Kamioski
Shneur Z. Nathan
Chris Wallace
Natalie Adeeyo
Robin Shoffner
**NATHAN & KAMIONSKI LLP**
33 W. Monroe St., Suite 1830
Chicago, IL  60603

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing Response to Plaintiff's

Third Set of Document Requests was served on the following parties, via electronic mail, on

**March 15, 2019.**

Jeffrey Granich
Joshua Morrison
Law Office of Jeffrey Granich
53 W. Jackson Blvd., #1028
Chicago, IL  60604
jeffreygranich@mac.com
joshua.l.morrison@gmail.com

*Attorneys for Plaintiff*

Kevin Turkcan
Torreya Hamilton
Kathleen Hennessy
The Hamilton Law Office, LLC
53 W. Jackson Blvd., #452
Chicago, IL  60604
ktt@thehamiltonlawoffice.com
tlh@thehamiltonlawoffice.com
kah@thehamiltonlawoffice.com

*Attorneys for Plaintiff*

Lawrence Kowalczyk
Megan Monaghan
Matthew P. Dixon
Querrey & Harrow, Ltd.
175 W. Jackson Blvd., #1600
Chicago, IL  60604
lkowalczyk@querrey.com
mmonaghan@querrey.com
mdixon@querrey.com

*Attorneys for Defendant Officers*

/s/Robin Shoffner