IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JANET GODINEZ, on behalf of herself and as administrator of the estate of her brother, HERIBERTO GODINEZ, Deceased, </br></br>Plaintiff, </br></br>vs. </br></br>The CITY OF CHICAGO, et al., </br></br>Defendants. | 16 CV 7344 </br></br> Judge PALLMEYER |

**PLAINTIFF'S LOCAL RULE 56.1(a)(3) STATEMENT OF UNCONTESTED FACTS**

*Exhibit A:* Defendants' Answers to Plaintiff's Second Amended Complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANET GODINEZ | ) | |
| | ) | No. 16 C 07344 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Rebecca Pallmeyer |
| | ) | |
| The CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant City of Chicago ("the City"), through its undersigned attorneys, for its answer, affirmative defenses, and jury demand to Plaintiff Janet Godinez's Second Amended Complaint, states as follows:

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and Illinois law.

**ANSWER:** The City admits this action is brought pursuant to 42 U.S.C. § 1983, which encompasses rights secured by the United States Constitution. The City denies 42 U.S.C. § 1983 covers rights secured by Illinois law. Upon information and belief, the City denies Plaintiff or Heriberto Godinez ("Decedent") suffered a deprivation of either constitutional or Illinois-secured rights.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§1331, 1343 and 1367.

**ANSWER**: The City admits this Court has jurisdiction over this litigation.

3. Venue is proper under 28 U.S.C. §1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:** The City admits venue is proper.

## PARTIES

4. At the time of his death, decedent HERIBERTO GODINEZ was a 26-year-old Hispanic male, and a resident of the City of Chicago, Illinois.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. Plaintiff JANET GODINEZ is the sister of decedent HERIBERTO GODINEZ and brings this action on behalf of her brother's next of kin and as the administrator of her brother's estate. At all relevant times, JANET GODINEZ was also a resident of the City of Chicago, Illinois.

**ANSWER:** Upon information and belief, the City admits Plaintiff Janet Godinez initiated this lawsuit and asserted she is Decedent's next of kin and administrator of Decedent's estate. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

6. At all relevant times, Defendant OFFICERS were Chicago Police Officers employed by the Defendant CITY and acting under color of state law and within the scope of their employment as Chicago police officers.

**ANSWER:** Upon information and belief, the City admits the allegations contained in this paragraph.

7. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is, or was at all relevant times, the employer and principal of the Defendant OFFICERS. Should Plaintiff prevail on her claims, Defendant CITY is liable to Plaintiff as the principal on Plaintiff's state law claims, and must indemnify Defendant OFFICERS on Plaintiff's federal claims pursuant to 735 ILCS 10/9-102.

Ill.2d 154, 166, 390 N.E.2d 859, 865 (1979); *Miller v. Pollution Control Board*, 267 Ill. App.3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

VIII. The City cannot be held liable for punitive or exemplary damages in any Section 1983 action brought against it directly or indirectly by the injured party or a third party. *City of Newport, et al. v. Fact Concerts, Inc.,* 435 U.S. 247 (1981).

**JURY DEMAND**

The City demands trial by jury.

Respectfully submitted,

/s/ *Robin Shoffner*
One of the Attorneys for Defendant City of Chicago

Avi T. Kamionski
Shneur Z. Nathan
Christopher Wallace
Robin Shoffner
Natalie Adeeyo
NATHAN & KAMIONSKI, LLP
33 W. Monroe, Suite 1830
Chicago, IL 60603
312-612-2255

17

58181-LSK

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JANET GODINEZ, on behalf of herself and as administrator of the estate of her brother, HERIBERTO GODINEZ, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>The CITY OF CHICAGO, a municipal Corporation, and Chicago Police Officers KEITH M. LINDSKOG (#11533), JAMES A. MCANDREW (#8373), RODRIGO J. CORONA (#7852), MANUEL ARROYO (#5870), GERALD J. NOWAKOWSKI (#3536), YASIR RAMOS (#17803), TODD A. JOHNSON (#14836), BRIAN A. MADSEN (#8848), SAMSON F. DADI (#15942), MARK ZDEB (#7371), GERARDO CALDERON, JR. (#17623), STEVE A. SCHMID (#3625), TIMOTHY MCCOLLOM (#17339), ROBERT PRZYBYLOWSKI (#3881), KARI PFEFER (#12180), SALOME EXCLUSA (#1850), LEANTHONY BROWN (#7806), SILVIA REMIGIO (#17459), MICHAEL MURPHY (#15504), DONALD OKSANEN (#6877), Sergeant MICHAEL T. CORLETT (#2312), and Lieutenant DON JEROME (#307),<br><br>Defendants. | No. 16 CV 07344<br><br>Judge Rebecca R. Pallmeyer |

**DEFENDANT OFFICERS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COME Defendants, Chicago Police Officers, KEITH M. LINDSKOG (#1153),

JAMES A. MCANDREW (#8373), RODRIGO J. CORONA (#7852), MANUEL ARROYO

(#5780), GERALD J. NOWAKOWSKI (#3536), TODD A. JOHNSON (#14836), BRIAN A.

MADSEN (#8848), SAMSON F. DADI (#15942), MARK ZDEB (#7371), GERARDO

CALDERON, JR, (#17623), STEVE A. SCHMID (#3625), TIMOTHY MCCOLLOM (#17397),

ROBERT PRZYBYLOWSKI (#3881), KARI PFEIFER (#12180), SALOME EXCLUSA (#18580), LEANTHONY BROWN (#19818), SILVIA REMIGIO (#17459), MICHAEL MURPHY (#1559), DONALD OKSANEN (#6877), Sergeant MICHAEL T. CORLETT (#2312), and Lieutenant DON JEROME (#307), ("Defendant Officers[1]") by and through their attorneys, Querrey & Harrow, Ltd., and for their Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, state as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and Illinois law.

**ANSWER**: Defendant Officers admit that this action is brought pursuant to 42 U.S.C. §1983, but deny that any wrongful conduct or deprivation of Plaintiff's rights occurred and further deny that Plaintiff is entitled to any recovery in this matter.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§1331, 1343 and 1367.

**ANSWER**: Defendant Officers admit that jurisdiction is proper.

3. Venue is proper under 28 U.S.C. §1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER**: Defendant Officers admit that venue is proper.

---

[1] Officer Yasir Ramos, #17803, was dismissed from this action pursuant to a joint stipulation on June 20, 2019. *ECF No. 265*.

2

5. Plaintiff is not entitled to attorney's fees for any state law claims. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill. 2d 154, 166, 390 N.E.2d 859, 856 (1979).

6. Plaintiff is not entitled to punitive damages under any state claims as the Illinois Wrongful Death and Survival Acts do not provide for such damages.

7. An award of punitive damages would deprive the individual Defendants of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

    (a) liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence; and

    (b) the award of punitive damages is disproportionate to actual damages.

## JURY DEMAND

Defendants demand a trial by jury.

Respectfully submitted,

Defendants, Chicago Police Officers KEITH M. LINDSKOG (#1153), JAMES A. MCANDREW (#8373), RODRIGO J. CORONA (#7852), MANUEL ARROYO (#5780), GERALD J. NOWAKOWSKI (#3536), TODD A. JOHNSON (#14836), BRIAN A. MADSEN (#8848), SAMSON F. DADI (#15942), MARK ZDEB (#7371), GERARDO CALDERON, JR. (#17623), STEVE A. SCHMID (#3625), TIMOTHY MCCOLLOM (#17397), ROBERT PRZYBYLOWSKI (#3881), KARI PFEIFER (#12180), SALOME EXCLUSA (#18580), LEANTHONY BROWN (#19818), SILVIA REMIGIO (#17459), MICHAEL MURPHY (#1559), DONALD OKSANEN (#6877), Sergeant MICHAEL T. CORLETT (#2312), and Lieutenant DON JEROME (#307),

    /s/ Larry S. Kowalczyk
    One of Their Attorneys

19

Larry S. Kowalczyk
Megan K. Monaghan
Matthew P. Dixon
Querrey & Harrow, Ltd.
175 W. Jackson Blvd., Suite 1600
Chicago, Illinois 60604
(312) 540-7000

20